Mr. Barry Emigh 1720 Arrowhead Road, Apt. O North Little Rock, AR 72118
Dear Mr. Emigh:
You have requested certification, pursuant to A.C.A. § 7-9-107, of the following popular name and ballot title for a proposed amendment to the Arkansas Constitution:
 POPULAR NAME GAMBLING AS AN INITIATED LOCAL BALLOT OPTION BALLOT TITLE AMENDMENT TO PROVIDE ANYONE OR GROUP THE RIGHT TO INITIATE AND PETITION THE LEGAL VOTERS OF A COUNTY WITHIN THE PROVISIONS OF AMENDMENT 7 OF THE CONSTITUTION OF THE STATE OF ARKANSAS TO ACCEPT OR REJECT ANY ONE OR MORE OR ALL OF THE FOLLOWING PAY TO PLAY LOCAL BALLOT OPTIONS: TO PROVIDE THE OPERATION OF GAMES OF SKILL, BINGO, RAFFLES AND LOTTERIES BY NONPROFIT ORGANIZATIONS, AND THE FOR PROFIT BUSINESS OPERATION OF GAMES OF SKILL, GAMES OF CHANCE TO EXCLUDE BINGO, RAFFLES AND LOTTERIES AS A FOR PROFIT BUSINESS OPERATION, ON SITE PARI-MUTUEL WAGERING, AND OFF TRACK PARI-MUTUEL WAGERING AS AN INITIATED LOCAL BALLOT OPTION ON THE REGULAR GENERAL ELECTION BALLOT; TO PROVIDE THE PERSON OR GROUP INITIATING AND PETITIONING THE LEGAL VOTERS OF A COUNTY DESCRIBES [SIC] ON THE INITIATIVE PETITION THE TYPE OF FOR PROFIT BUSINESS AND FACILITY IN WHICH ANY ONE OR MORE OF THESE LOCAL BALLOT OPTIONS SHALL BE OPERATED BY A FOR PROFIT BUSINESS OPERATION; TO PROVIDE NO RESTRICTIONS BY A PERSON OR GROUP INITIATING AND PETITIONING THE LEGAL VOTERS OF A COUNTY ON THE INITIATIVE PETITION ON THE TYPE OF NONPROFIT ORGANIZATION IN WHICH ANY ONE OR MORE OF THESE LOCAL BALLOT OPTIONS SHALL BE OPERATED BY A NONPROFIT ORGANIZATION; TO PROVIDE A FIFTEEN PERCENT TAX ON THE NET EARNED INCOME OF A FOR PROFIT BUSINESS OPERATION OPERATING ANY ONE OR MORE OF THESE LOCAL BALLOT OPTIONS TO BE PAID TO THE STATE, COUNTY AND CITY IF APPLICABLE; TO PROVIDE NO TAX NOR FEES ON THE OPERATION OF ANY ONE OR MORE OF THESE BALLOT OPTIONS BY A NONPROFIT ORGANIZATION; TO PROVIDE NO NEW TAXES NOR INCREASE ON THE ADDITIONALLY APPLIED NET EARNED INCOME TAX ON THE OPERATION OF ANY ONE OR MORE OF THESE LOCAL BALLOT OPTIONS OPERATED BY A FOR PROFIT BUSINESS OPERATION WITHOUT A THREE QUARTER APPROVAL BY BOTH HOUSES OF THE GENERAL ASSEMBLY; TO PROVIDE THIS AMENDMENT TO BE SELF EXECUTING; TO PROVIDE SEVERABILITY AND TO REPEAL ANY STATUTES AND LAWS IN CONFLICT WITH THIS AMENDMENT
You have submitted popular names and ballot titles for similar proposed measures, which I have rejected on the grounds of certain ambiguities in the text of the proposed measures. See, e.g., Ops. Att'y Gen. Nos.99-382; 99-378; 99-354; 99-353; 99-325; 99-323.
The Attorney General is required, pursuant to A.C.A. § 7-9-107, to certify the popular name and ballot title of all proposed initiative and referendum acts or amendments before the petitions are circulated for signature. The law provides that the Attorney General may substitute and certify a more suitable and correct popular name and ballot title, if he can do so, or if the proposed popular name and ballot title are sufficiently misleading, may reject the entire petition.
A.C.A. § 7-9-107 neither requires nor authorizes this office to make legal determinations concerning the merits of the act or amendment, or concerning the likelihood that it will accomplish its stated objective. Consequently, this review has been limited to a determination, pursuant to the guidelines that have been set forth by the Arkansas Supreme Court, discussed below, of whether the proposed popular name and ballot title accurately and impartially summarize the provisions of your proposed amendment.
The purpose of my review and certification is to ensure that the popular name and ballot title honestly, intelligibly, and fairly set forth the purpose of the proposed amendment. See Arkansas Women's Political Caucusv. Riviere, 282 Ark. 463, 466, 677 S.W.2d 846 (1984).
The popular name is primarily a useful legislative device. Pafford v.Hall, 217 Ark. 734, 233 S.W.2d 72 (1950). It need not contain detailed information or include exceptions that might be required of a ballot title, but it must not be misleading or give partisan coloring to the merit of the proposal. Chaney v. Bryant, 259 Ark. 294, 532 S.W.2d 741
(1976); Moore v. Hall, 229 Ark. 411, 316 S.W.2d 207 (1958). The popular name is to be considered together with the ballot title in determining the ballot title's sufficiency. Id.
The ballot title must include an impartial summary of the proposed amendment that will give the voter a fair understanding of the issues presented. Hoban v. Hall, 229 Ark. 416, 417, 316 S.W.2d 185 (1958); Beckerv. Riviere, 270 Ark. 219, 223, 226, 604 S.W.2d 555 (1980). According to the court, if information omitted from the ballot title is an "essential fact which would give the voter serious ground for reflection, it must be disclosed." Bailey v. McCuen, 318 Ark. 277, 285, 884 S.W.2d 938 (1994), citing Finn v. McCuen, 303 Ark. 418, 798 S.W.2d 34 (1990); Gaines v.McCuen, 296 Ark. 513, 758 S.W.2d 403 (1988); Hoban v. Hall, supra; andWalton v. McDonald, 192 Ark. 1155, 97 S.W.2d 81 (1936). At the same time, however, a ballot title must be brief and concise (see A.C.A. §7-9-107(b)); otherwise voters could run afoul of A.C.A. § 7-5-522's five minute limit in voting booths when other voters are waiting in line.Bailey v. McCuen, supra. The ballot title is not required to be perfect, nor is it reasonable to expect the title to cover or anticipate every possible legal argument the proposed measure might evoke. Plugge v.McCuen, 310 Ark. 654, 841 S.W.2d 139 (1992). The title, however, must be free from any misleading tendency, whether by amplification, omission, or fallacy; it must not be tinged with partisan coloring. Id. A ballot title must convey an intelligible idea of the scope and significance of a proposed change in the law. Christian Civic Action Committee v. McCuen,318 Ark. 241, 884 S.W.2d 605 (1994). It has been stated that the ballot title must be: 1) intelligible, 2) honest, and 3) impartial. Becker v.McCuen, 303 Ark. 482, 798 S.W.2d 71 (1990), citing Leigh v. Hall,232 Ark. 558, 339 S.W.2d 104 (1960).
Having analyzed your proposed measure, as well as your proposed popular name and ballot title under the above precepts, it is my conclusion that I must reject both your proposed popular name and ballot title due to the presence of an unresolved ambiguity in the text of your proposed measure. I cannot fairly or completely summarize the effect of your proposed measure to the electorate in a popular name or ballot title without the resolution of this ambiguity. I am therefore unable at this time to substitute and certify a more suitable and correct ballot title under A.C.A. § 7-9-107(b). It must be understood that my discussion of this area of concern with your proposed measure does not purport to be exhaustive.
The following ambiguity must be clarified in your measure before I can perform my statutory duty:
 • Section 1(1)(a) through (f) of your proposed measure lists certain activities that may be operated by non-profit organizations, and others that may be operated by for-profit organizations. This list seems to limit non-profit and for-profit organizations to the operation of those activities that are explicitly listed in this section of the proposed measure. In contrast to this apparent limitation, however, Section 1(4) states:
 There shall be no restrictions by a person, or group initiating and petitioning the legal voters of a county on an initiated petition on the type of nonprofit organization in which any one, or more of the aforementioned local ballot options shall be operated by a nonprofit organization.
 This provision seems to allow nonprofit organizations to operate any of the activities listed in Section 1(1)(a) through (f), even those that appear to be reserved to for-profit organizations. This apparent conflict between Section 1(1) and Section 1(4) creates an ambiguity as to the intent of the measure.
Unless the foregoing ambiguity is resolved, I will be unable to summarize your proposed amendment effectively. I reiterate that I do not purport to have set out an exhaustive discussion of possible problems with the proposed measure. For this reason, I recommend that you consult with legal counsel of your choice, or with a person who is skilled in the drafting of legislation.
My office, in the certification of ballot titles and popular names, does not concern itself with the merits, philosophy, or ideology of proposed measures. I have no constitutional role in the shaping or drafting of such measures. My statutory mandate is embodied only in A.C.A. § 7-9-107
and my duty is to the electorate. I am not your counsel in this matter and cannot advise you as to the substance of your proposal. At the same time, however, the Arkansas Supreme Court, through its decisions, has placed a practical duty on the Attorney General, in exercising his statutory duty, to include language in a ballot title about the effects of a proposed measure on current law. See, e.g., Finn v. McCuen,303 Ark. 418, 793 S.W.2d 34 (1990). Where the effects of a proposed measure on current law are unclear or ambiguous, it is impossible for me to perform my statutory duty to the satisfaction of the Arkansas Supreme Court without clarification of ambiguities.
My statutory duty, under these circumstances, is to reject your proposed popular name and ballot title, stating my reasons therefor, and to instruct you to "redesign" the proposed measure and ballot title. See
A.C.A. § 7-9-107(c). You may, after clarification of the issues discussed above, resubmit your proposed amendment, along with a new proposed popular name and ballot title, at your convenience. I anticipate that some changes or additions to your submitted ballot title may be necessary to reflect adequately the clarified language of the proposed amendment. I will be pleased to perform my statutory duties in this regard in a timely manner after resubmission.
Sincerely,
MARK PRYOR Attorney General